UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Leila Mayfield-Dillard and Cornell Dillard,
individually and on behalf of all others
similarly situated,

                        Plaintiffs,        Civ. No. 16-3489 (RHK/TNL)
                                                   **MEMORANDUM OPINION
                                                   AND ORDER**

v.

Direct Home Health Care, Inc.,

                        Defendant.

---

Michele R. Fisher, Nichols Kaster, PLLP, Minneapolis, Minnesota, Philip Bohrer, Scott E. Brady, Bohrer Brady LLC, Baton Rouge, Louisiana, for Plaintiffs.

Thomas A. Revnew, Martin D. Kappenman, Andrew G. Chase, Seaton, Peters & Revnew, P.A., Minneapolis, Minnesota, for Defendant.

---

## INTRODUCTION

In this action, Plaintiffs Leila Mayfield-Dillard and Cornell Dillard, on behalf of themselves and others similarly situated, allege that Defendant Direct Home Health Care, Inc. ("DHHC") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to pay them overtime. Presently before the Court is Plaintiffs' Motion to (1) conditionally certify this case as a collective action and (2) authorize notice to potential class members. For the reasons that follow, the Court will grant the Motion.

## BACKGROUND

DHHC provides in-home healthcare and related assistance to the elderly and persons with special needs. The precise services it provides are tailored to the individual receiving care (under a document known as a "Care Plan" or "Plan of Care") and may include meal preparation, driving, housework, feeding, bathing and similar tasks.

Mayfield-Dillard and Dillard currently are employed by DHHC as Personal Care Attendants ("PCAs"), providing home healthcare to DHHC's clients, sometimes "around the clock." They allege that they, and other similarly situated persons employed by DHHC, routinely worked more than 40 hours per week but were not paid overtime by the company. This is because, according to Plaintiffs, DHHC has failed to comply with a Department of Labor regulation, 29 C.F.R. § 552.109 (the "Regulation"), which was modified effective January 1, 2015, to provide that home healthcare workers employed by third parties or healthcare agencies (such as DHHC) are subject to the FLSA's overtime requirements. Plaintiffs allege that this decision affects all home healthcare workers employed by DHHC. Since Mayfield-Dillard and Dillard commenced this action, at least thirteen other current and former DHHC employees have filed notices of their intent to join this action to seek unpaid overtime.

Plaintiffs now move for conditional certification of this matter as a collective action under the FLSA, as well as for Court-authorized notice to putative class members. Their Motion has been fully briefed and is ripe for disposition.

## STANDARD OF REVIEW

Under the FLSA, an action for unpaid overtime may be brought "by any one or more employees" individually and on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). Such a "collective" action differs from a class action under Federal Rule of Civil Procedure 23. Unlike a class action, no person becomes party to a collective action unless "he gives his consent in writing to become such a party and such consent is filed in the court in which [the] action is brought," Smith v. Heartland Auto. Servs., Inc., 404 F. Supp. 2d 1144, 1149 (D. Minn. 2005) (Kyle, J.) (quoting 29 U.S.C. § 216(b)), which is known as the "opt in" process, e.g., West v. Border Foods, Inc., Civ. No. 05-2525, 2006 WL 1892527, at *2 (D. Minn. July 10, 2006) (Frank, J.).

Because an individual cannot become party to a collective action without opting in to the case, a court may authorize notice to putative class members to afford them the opportunity to join the litigation. E.g., Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 169 (1989); Smith, 404 F. Supp. 2d at 1149-50. Before authorizing such notice, a court must assure itself the matter is appropriate for collective-action treatment by making a preliminary determination that the plaintiffs are, in fact, "similarly situated" under the FLSA. Smith, 404 F. Supp. 2d at 1149. At this initial, pre-discovery stage, a collective may be *conditionally* certified, and notice provided to the class, if the plaintiffs "establish a colorable basis for their claim that the putative class members were the victims of a single decision, policy, or plan." Burch v. Qwest Commc'n Int'l, Inc., 500 F. Supp. 2d 1181, 1186 (D. Minn. 2012) (Davis, J.) (citations omitted). The Court does not make credibility determinations, find facts, or assess the merits of the case at this early

juncture, see, e.g., Chin v. Tile Shop, LLC, 57 F. Supp. 3d 1075, 1083 (D. Minn. 2014) (Nelson, J.) (citations omitted); Loomis v. CUSA LLC, 257 F.R.D. 674, 678 (D. Minn. 2009) (Kyle, J.), but rather makes a preliminary determination that a sufficient factual or legal nexus binds the plaintiffs and class members together to deem them "similarly situated, e.g., In re RBC Dain Rauscher Overtime Litig., 703 F. Supp. 2d 910, 963 (D. Minn. 2010) (Tunheim, J.); West, 2006 WL 1892527, at *3.  The plaintiffs bear the burden of showing class members are similarly situated, Smith, 404 F. Supp. 2d at 1149, although that burden is not onerous due to the early stage of the case, Dominquez v. Minn. Beef Indus., Inc., Civ. No. 06-1002, 2007 WL 2422837, at *2 (D. Minn. Aug. 21, 2007) (Kyle, J.).

If conditional certification is granted, putative class members are notified of the matter and the case proceeds as a collective through discovery.  Id.  Then, at a later stage, usually after discovery is complete, the defendant typically moves to decertify the collective.  E.g., In re RBC, 703 F. Supp. 2d at 963.  At that stage, the Court applies a stricter standard and makes a factual determination whether the plaintiffs are in fact similarly situated, based on more complete evidence.  Id. at 963-64.

## ANALYSIS

Bearing the controlling legal principles in mind, the Court has little trouble concluding that Plaintiffs have satisfied their minimal burden of demonstrating this action should be conditionally certified.  Plaintiffs allege in their Complaint that all of DHHC's healthcare workers were subjected to the same unlawful policy, namely, its failure to pay overtime after the Regulation's amendment.  DHHC argues that Plaintiffs have done

nothing more, offering only a "mere restatement from the Complaint" devoid of any evidence (Mem. in Opp'n at 7), but that is simply incorrect. The record contains Declarations from at least three DHHC home healthcare workers indicating that they were not paid overtime for excess hours (see Doc. Nos. 26-28), and they have buttressed those assertions with payroll records showing no overtime wages (see Doc. No. 25-3).[1] In other words, Plaintiffs have "come forward with something more than the mere averments in [their] complaint in support of [their] claim[s]." Kalish v. High Tech Inst., Inc., Civ. No. 04-1440, 2005 WL 1073645, at *2 (D. Minn. Apr. 22, 2005) (Tunheim, J.). Furthermore, Plaintiffs have alleged in their Complaint that the failure to pay overtime was due to an unlawful policy by DHHC. While their Declarations perhaps could have offered a greater evidentiary basis for that allegation, "[i]t is reasonable to infer . . . that [Plaintiffs], as employees of [DHHC], would have learned during the normal course of their employment how the company operates and what the company's policies were." Simmons v. Valspar Corp., Civ. No. 10-3026, 2011 WL 1363988, at *3 (D. Minn. Apr. 11, 2011) (Kyle, J.) (quoting White v. MPW Indus. Servs., Inc., 236 F.R.D. 363, 369 (E.D. Tenn. 2006)). Being subjected to this (allegedly) common payroll practice will suffice for conditional certification. See, e.g., Dege v. Hutchinson Tech., Inc., Civ. No. 06-3754, 2007 WL 586787, at *2 (D. Minn. Feb. 22, 2007) (Frank, J.).

    DHHC offers two arguments in response, but neither is persuasive. First, it argues that its workers provide a range of services to different clients in different locations, as

---

[1] Because of the early stage of the proceedings, courts "usually rely on the pleadings and any affidavits submitted by the plaintiff[s] to determine whether to grant conditional certification." Chin, 57 F. Supp. 3d at 1082-83.

set forth in each client's Plan of Care, and hence they are not similarly situated. (Mem. in Opp'n at 7-10.) Yet, the Declarations submitted by DHHC's current and former employees (including the named Plaintiffs) aver that they and others working for DHHC provided substantially similar services (see, e.g., Mayfield-Dillard Decl. ¶¶ 6-7, 15; Lee Decl. ¶¶ 6-7), all of which were directed by DHHC's home office in Minneapolis. At this juncture, the Court will not wade into the parties' dispute about precisely what services were (or were not) provided; "[t]he court does not make any . . . findings of fact with respect to contrary evidence presented by the parties at th[e condition certification] stage." Burch, 500 F. Supp. 2d at 1186 (quoting Dege, 2007 WL 586787, at *2). More importantly, at this juncture "Plaintiffs are not required to provide evidence showing [the employer]'s illegal practice at every location or that [they] are identically situated to putative class members in all respects." Id. at 1187 (citing Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001)). Despite the fact that Plaintiffs worked in different places and may not have performed precisely the same work, all assert that they had substantially similar job duties and were classified as exempt (and thus not paid overtime), regardless of where they offered healthcare services, due to DHHC's failure to comply with the Regulation. This satisfies their minimal burden at this juncture.

DHHC next argues that this case is not well-suited to collective-action treatment. It argues that the Department of Labor exceeded its authority when it amended the Regulation and as a result the effective date was much later than January 1, 2015, and hence it does not apply to many of DHHC's employees. It further contends that there are individualized issues regarding each putative class member – such as whether they were

"jointly employed" by insurance plans – that render this case inappropriate for conditional certification. (Mem. in Opp'n at 10-15.) But whatever traction these arguments might gain in later stages of this case, for present purposes they miss the mark. As already noted, at this juncture the Court does not assess the merits. See, e.g., Chin, 57 F. Supp. 3d at 1083; Loomis, 257 F.R.D. at 678. All that matters is whether Plaintiffs have established a "colorable basis" for their claims. Dominquez, 2007 WL 2422837, at *3. And for the reasons already stated, the Court concludes they have done so. See also Simmons, 2011 WL 1363988, at *4 (rejecting defendant's argument that "individual, fact-specific analysis of each defendant's job responsibilities" precluded conditional certification).

Having determined that Plaintiffs have met their burden of showing this case is appropriate for conditional certification, the only remaining issue is the proposed notice. The Court must ensure such notice is "timely, accurate, and informative." Sperling, 493 U.S. at 172. Plaintiffs have submitted a proposed notice to which DHHC objects, arguing that it is inappropriate and misleading for a variety of reasons.[2] The Court has carefully considered DHHC's objections and finds that they lack merit.[3] Accordingly, the Court will approve the notice proposed by Plaintiffs, save for two changes – regarding

---

[2] DHHC also argues that even if Plaintiffs and the putative class are similarly situated, the Court should deny notice to avoid "stir[ing] up litigation." (Mem. in Opp'n at 16.) Given that more than a dozen persons have already opted in to this case, the Court rejects DHHC's argument.

[3] DHHC argues, for example, that because the notice includes employees who performed work from January 1, 2015, to the present, it is overbroad because the Regulation did not take effect until November 12, 2015. (Mem. in Opp'n at 17-18.) But this is simply a merits argument regarding the effective date of the Regulation, and hence the Court will not consider it at this juncture.

immigration status and contingent-fee arrangements – to which Plaintiffs do not object. (See Reply at 19 n.4.) The Court also rejects DHHC's argument that notice should be provided only by mail, as electronic notice has become ubiquitous in this day and age given its simplicity and low cost. See, e.g., Harris v. Chipotle Mexican Grill, Inc., 49 F. Supp. 3d 564, 582-83 (D. Minn. Sept. 9, 2014) (Nelson, J., adopting in part Report & Recommendation of Rau, M.J.) (authorizing both mailed and e-mailed notice, as well as reminder postcard, as Plaintiffs request here).

Finally, DHHC objects to producing dates of birth, telephone numbers, and other similar information for its employees that Plaintiffs intend to use to notify putative class members of the pendency of this action and the right to opt into it. (Mem. in Opp'n at 22-25.) This type of information is routinely ordered produced in FLSA cases, as it is the defendants and not the plaintiffs that generally have easy access to contact information for the putative class. See, e.g., Chin, 57 F. Supp. 3d at 1094-95; Harris, 49 F. Supp. 3d at 582; Loomis, 257 F.R.D. at 678 & n.8. Accordingly, the Court will order production of such information here.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED**:

1.   Plaintiffs' Motion for Conditional Certification and Judicial Notice (Doc. No. 22) is **GRANTED**, and the following class is conditionally certified:

> All current or former home healthcare workers employed by Direct Home Health Care, Inc. at any time since January 1, 2015;

2. Defendant shall provide Plaintiffs, in electronically readable/importable form, the names, addresses, e-mail addresses, and any employee number or unique identifier of all putative plaintiffs within 10 days;

3. Plaintiffs' counsel is authorized to send notice of this action, in the format specified in Exhibit 4 to the Declaration of Michele Fisher (and as amended by the terms of this Order), by first-class U.S. mail to the last known address of each putative plaintiff;

4. Plaintiffs' counsel is authorized to send an electronic copy of the notice to each putative plaintiff's personal email address (for former employees) and work email address (for current employees);

5. Plaintiffs' counsel is authorized to send by first-class U.S. mail a reminder postcard, in the format specified in Exhibit 5 to the Declaration of Michele Fisher, 30 days before the expiration of the 60-day opt-in period;

6. Defendant shall provide Plaintiffs, within 2 business days of request by Plaintiffs' counsel, with the dates of birth, telephone numbers, and last four digits of the social security numbers of anyone whose notice is returned as undeliverable;

7. Plaintiffs' counsel is authorized to re-mail notices/postcards that are returned as undeliverable for those individuals for whom counsel can find better addresses; and

8. Defendant shall post the notice in a conspicuous place in its office.

Dated: March 10, 2016         s/Richard H. Kyle
                              RICHARD H. KYLE
                              United States District Judge